IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

**CINDI NELSON,**

    Plaintiff,

vs.

**Case No.: _____**

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Cindi Nelson (hereinafter "**Plaintiff**" or "**Ms. Nelson**"), by and through her attorneys, and for her Complaint against Defendant Hartford Life and Accident Insurance Company (hereinafter "**Defendant**" or "**Hartford**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Truist Financial Corporation's Long Term Disability Plan and corresponding Hartford insurance policy (**Policy No.: GLT681740**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered, and/or managed by Hartford for the benefit of certain employees of Truist Financial Corporation (hereinafter "**Truist**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States

("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Hartford Insured ID 9005584712**.

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Nelson lives in Maryville, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Eastern District of Tennessee.

5. At all times relevant hereto, Ms. Nelson was an "employee" of Truist, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at Truist on or about March 20, 2011.

6. At all times relevant hereto, Truist was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged

2

that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8. At all times relevant hereto, Defendant Hartford acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Truist.

9. Under the Plan, Truist delegated or assigned to Defendant Hartford the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides that the test of Disability is when Hartford determines that the insured is "prevented from performing one or more of the Essential Duties of: 1) [the insured's] Occupation during the Elimination Period; 2) [the insured's] Occupation, for the 2 years following the Elimination Period, and as a result [the insured'] Current Monthly Earnings are less than 80% of [the insured's] Indexed Pre-disability Earnings; and 3) after that, Any Occupation."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Ms. Nelson is currently 41 years old, and her date of birth is in September of 1981.

15. Ms. Nelson worked for Truist as a Financial Services Representative.

16. Owing to her established medical disability, as stated, Ms. Nelson's last day of work was on or about March 20, 2011.

17. Considered properly on a multi-factorial basis, Ms. Nelson is disabled from working due to the following conditions (without limitation): diagnosed Chiari malformations ["CM"], which results in debilitating headaches (not being migraines, per se); status-post brain surgery; related complications of dizziness (positional vertigo), tinnitus, lack of balance, instability, fainting spells, severe pain, blurred vision and extreme perception issues. Ms. Nelson reports that once she has a significant headache come on, she will then have to lay down for 1-2 hours. The pain that Ms. Nelson experiences is all over her head, as well as muscular neck pain and nerve pain affecting both hands and feet. She experiences fainting spells, daily, which typically last 30 seconds (not just a few seconds). Due to the fainting spells, dizziness and perception issues, she is no longer able to drive. Even then, if her husband (or someone else) is driving and makes a quick turn, she may faint. She also faints when something happens quickly. Moreover, Ms. Nelson uses a cane because of her balance issues – issues that have worsened due to more recent problems with her right knee (crepitus, locking up, achy stiffness, pain).

18. After she could no longer perform her work for Truist, and based on her employment there, Ms. Nelson was eligible and applied for short-term disability ("STD") benefits. Upon information and belief, Ms. Nelson was awarded by Truist or its designee the maximum amount of STD benefits under the applicable Plan/Policy.

19. After that, her medical condition not having improved, Ms. Nelson was eligible and applied for LTD benefits based on her employment at Truist, this via the Hartford Policy. Hartford

4

initially approved Ms. Nelson's claim for LTD benefits and paid such benefits for many years -- from approximately September 17, 2011 through October 6, 2022.

20. Ms. Nelson was notified that Hartford would be terminating these benefits via letter dated October 6, 2022.

21. Despite due appeal(s) by or on behalf of Plaintiff, Hartford has continued to deny LTD benefits. The final denial letter was dated June 20, 2023.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

25. Also, Ms. Nelson has been found to qualify for Social Security disability (SSDI) benefits by the Social Security Administration and has been receiving such benefits since approximately 2011. This independent, freestanding determination by the federal government is part of the Administrative Record here and it is persuasive evidence of disability in this case.

26. Under any ERISA standard of review that may apply, the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted,

5

cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

27. Further, Hartford's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal

---

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

common law developed in the context of ERISA.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C.  That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

8

Case 3:23-cv-00259-KAC-JEM   Document 1   Filed 07/18/23   Page 8 of 9   PageID #: 8

fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 18th day of July 2023.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Andrew M. Hickman*
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com